812 F.2d 1409
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mayron Leon TAYLOR, Defendant-Appellant.
 No. 85-1712.
 United States Court of Appeals, Sixth Circuit.
 Jan. 7, 1987.
 
 1
 Before KEITH and MARTIN, Circuit Judges, and WEBER, District Judge.*
 
 WEBER, District Judge:
 
 2
 Defendant-Appellant, Mayron Taylor, was found guilty by jury verdict of armed bank robbery in violation of 18 U.S.C. Sec. 2113(a) and (d) and sentenced to the custody of the Attorney General for a period of 12 years. From this judgment, defendant has appealed to this Court arguing that the admission of certain hearsay statements of an accomplice violated his Constitutional right of confrontation.
 
 
 3
 A. He just said go in and jump over the counter and demand the tellers to give you the money out of the drawers.
 
 
 4
 Pendleton then testified that he and appellant entered the bank and robbed the tellers.
 
 
 5
 Appellant contends that as Benny Johnson did not testify at trial, appellant was deprived of his right of confrontation as Johnson's above statements were admitted solely through the testimony of accomplice Edward Pendleton. Appellant also submits that the error was not harmless under Fed.R.Crim.P. 52(a) because, other than the inherently suspect testimony of the accomplice, there was no other positive in-court identification of appellant as being one of the robbers inside of the bank.
 
 
 6
 At the outset, we hold the direct and circumstantial evidence presented in this case proves the guilt of appellant beyond any reasonable doubt.
 
 
 7
 "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Fed.R.Evid. 801(c). It is inherent in this definition that not all out of court statements are hearsay.
 
 
 8
 A statement to be hearsay must be 1) an oral or written assertion; or 2) non-verbal conduct of a person if it is intended as an assertion. Fed.R.Evid. 801(a). An assertion is a positive declaration without attempt at proof. Funk & Wagnalls' Standard Dictionary 41 (1980).
 
 
 9
 the Johnson instructions were given. The significance of the Johnson instructions lies in whether they were made and the effect they had on the witness Pendleton. Their significance rested entirely on the credibility of Pendleton and the accuracy of his perception and memory, as to all of which appellant was given the opportunity of confrontation with Pendleton.
 
 
 10
 As Pendleton testified he had personal knowledge of the nature and extent of the instructions given him by Johnson, appellant had the ability and opportunity to test Pendleton's credibility and to cross examine him concerning whether Johnson's commands were actually given, correctly perceived, and remembered by Pendleton. Such testimony was not an assertion and is admissible under Fed.R.Evid. 402, 601 and 602.
 
 
 11
 Accordingly, as the trial court correctly found that the testimony given by the witness was not hearsay, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Herman J. Weber, United States District Court for the Southern District of Ohio